## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Juan E. Batista Aybar, being duly sworn, depose and state:

### Introduction

1. I am a U.S. Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport ("LMMIA"), Carolina, Puerto Rico. As an Enforcement Officer my duties and responsibilities include the enforcement of the Immigration and Nationality Act ("INA"). Furthermore, as an Enforcement Officer I am assigned to conduct investigations of criminal violations of the immigration laws of the United States, including violations of Title 8 and Title 18 of the *United States Code*, and to ensure the removal of those aliens that have been found to be in the United States in violation of the immigration laws. I graduated as an Immigration Inspector at the Glynn County, GA Federal Law Enforcement Center ("FLTC") on March 3, 2003. I have been employed with DHS/CBP as a C.B.P. Officer since December 2, 2002, and as a Criminal Enforcement Officer since June 8, 2009.

2. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations during this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the

1

investigation.

3. This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Julian ABREU ("ABREU") with violation of 8 U.S.C. § 1326(a) & (b)(2) (Reentry of Removed Alien).

### Probable Cause

4. On or about March 19, 2025, at the LMMIA, ABREU, an alien and citizen of the Dominican Republic, was found in the United States attempting to board Sky High Airlines flight number 0976, bound to the city of Santo Domingo, Dominican Republic. During the inspection conducted by the U.S. Customs and Border Protection Officers, ABREU claimed to be a citizen of the Dominican Republic. Since he did not have any evidence of legal stay in the United States, ABREU was referred for further inspection. During this process, ABREU's fingerprints were submitted to the Federal Bureau of Investigation ("FBI") for examination and comparison. This examination disclosed a match to an FBI record, which revealed the following:

(i) On April 29, 1997, ABREU was arrested by the Puerto Rico Police Department in Bayamon, Puerto Rico for Domestic Violence and Weapons Law Charges in Violation of Ley 54 Art. 3.3 3rd Grade, Ley 54 Art 3.2, and Ley 17 Art .4.

(ii) On June 11, 1997, ABREU was convicted at the First Instance Court in Bayamon, Puerto Rico, pursuant to a plea of guilty for the crimes of Domestic Violence and Weapons Law in Violation of Ley 54 Art. 3.3

       3rd Grade, Ley 54 Art 3.1 (Reduced), and Ley 17 Art 4. He was sentenced to 1 year incarceration (concurrent) for each charge.

(iii) On November 26, 1997, ABREU was ordered removed by an Immigration Judge following an aggravated felony conviction.

(iv) On December 2, 1997, ABREU was physically removed from the United States from San Juan, Puerto Rico to the Dominican Republic.

(v) In 2001, ABREU was arrested in Boston, MA by the Massachusetts State Police for cocaine trafficking.

(vi) On September 21, 2001, a Notice of Intent/Decision to Reinstate Prior Order of Deportation form I-871 was issued to ABREU in Boston, MA.

(vii) On January 5, 2002, ABREU was physically removed to the Dominican Republic from Boston, MA.

(viii) On September 8, 2019, ABREU was encountered by U.S. Border Patrol Agents attempting to enter the United States by "YAWL" at a port and at a time not designated by the Attorney General, or his successor the Secretary of Homeland Security.

(ix) On September 21, 2019, ABREU was arrested and charged in the U.S. District Court for the District of Puerto Rico with the following offense: Re-entry into the United States after a previous deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) & (b)(2).

(x) On October 23, 2019, ABREU was convicted of violating 8 U.S.C. § 1326(a) & (b)(2) and sentenced to time served and a supervised release term of three years.

(xi) On March 17, 2020, ABREU was physically removed to the Dominican Republic from San Juan, Puerto Rico.

5. ABREU was told that after his deportation/removal from the United States, he was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

6.  Further investigation and records checks revealed that no application to request permission on Form I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal) had been filed on behalf of ABREU at the Office of Citizenship and Immigration Services.

7.  ABREU is a citizen and national of the Dominican Republic and a previously removed alien whose removal was subsequent to a conviction for commission of an aggravated felony with no authorization or legal status to be present in the United States. Further, ABREU was deported from the United States and prohibited from reentering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his embarkation at a place outside the United States or his application for admission

### Conclusion

8.  Based on the facts contained herein, there is probable cause to believe that ABREU committed the following Federal offense: 8 U.S.C. § 1326(a) & (b)(2) (Reentry of Removed Alien).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Juan E. Batista Aybar
CBP Enforcement Officer

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 11:17 a.m. on this 21st day of March, 2025.

_____
Marcos E. López
Magistrate Judge
United States District Court
District of Puerto Rico